USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/12/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
UNITED STATES OF AMERICA,

              - v. -

MARLON RILEY,

              Defendant.
---------------------------------X

ORDER

90 CR 45 (S3) (MGC)

**Cedarbaum, J.**

    Marlon Riley has filed a petition for a writ of coram nobis. The Clerk of the Court shall serve a copy of Riley's petition and this Order upon the United States Attorney for the Southern District of New York and shall also send a copy of this Order by certified mail, return receipt requested, to Marlon Riley. The Government shall serve and file an answer to the petition by March 2, 2015.

    SO ORDERED.

Dated:    New York, New York
            December 11, 2014

                              S/
                          MIRIAM GOLDMAN CEDARBAUM
                          United States District Judge



UNITED STATES DISRICT COURT
SOUTHREN DISTRICT OF NEW YORK

MARLON RILEY

V.  Case no. 90 Cr. 45 (S3) (MGC)

UNITED STATES OF AMERICA
_____/

## MOTION FOR POST-CONVICTION RELIEF ON A CONSTITUTIONAL ERROR

## PETITION FOR A WRIT OF CORAM NOBIS

COMES NOW, The Petitioner (herein after) Marlon Riley. Proceeding in the above captioned cause of action *pro se* invoking **HAINES V. KERNER, 404 U.S 519, 520 (1972),** which holds, *pro se* litigants are to be given leeway in the drafting of their motions pleading rather than be held to stringent standards required by trained counsels. In addition, the courts had been advice to give leeway to layman litigants to allow for the development of a potentially meritorious claim.

See **CRUIZ V. BERTO, 405 U.S 319 (1972** also **ESTELLA V. GAMBLE, 429, U.S 97, 106, 975, Ct 285 So Ed 251 (1976),** Therefore, petitioner *pro se*, a layman at law respectfully moves this Honorable Court in the interest of Fundamental Fairness and justice to grant this Petition for a **WRIT OF CORAM NOBIS** to vacate or set aside the judgment in this case on the grounds asserted below:

1

## Relevant Factual and Procedural Background

1) On September 10, 1990 Petitioner's attorney Noah Lipman violated his client's constitutional rights and his due process rights when in his opening argument he asserts that " my client is not a kingpin but a small time drug dealer " which constitute a guilty plea tainting the trial and prejudice his client in the eyes of the jury. A trial is based on an assertion of innocence to be proven otherwise, attorney subjected his client to engage in a trial based on self incrimination, depriving him of Life and Liberty, violating his Fifth Amendment due process right of a fair and balance trial. The petitioner was found guilty of nine counts, one count of continuing criminal enterprise, one count of conspiracy, six counts distribution of cocaine and one count using and carrying a firearm in relation to drug trafficking crime. The jury returned a guilty verdict on all counts; at sentencing the trial judge vacated the firearm count.

2) The **WRIT OF CORAM NOBIS**, is an extraordinary remedy that allows a Petitioner to attack an unconstitutional or unlawful conviction after the Petitioner has served his sentence and is no longer in custody. ***UNTIED STATES V. MORGAN, 346, U.S 502, 511 (1994), See Also ESTATE OF MCKINNEY V. UNITED STATES, 71 F. 3d 779, 781 (9th Cir. 1995).*** The Writ provides a remedy for those suffering from lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of facts and egregious legal errors. ***UNITED STATES V. WALGREN, 885 F. 2d 1417, 1429 (9th Cir. 1989).*** Indeed, it permits a court to vacate it's judgment when a error has occurred that is of the most fundamental character such that the proceeding itself is rendered invalid. ***MCKINNEY, 71 F. 3d at 781.*** As such the Writ should be granted only under circumstances compelling such action to achieve justice. ***MORGAN, 316, U.S C t 511*** In the Federal forum, which analogous here the Courts agree that to qualify for Coram Nobis relief, a Petitioner must establish the following :

2

*CONNECTICUT*, *302, U.S. 319 (1937)*. *SNYDER V. MASSACHUSSETS*, *219, U.S. 97 (1934)*. *HURTADA V. CALIFORNIA*, *110, U.S 516 (1884)*. It is apparent that proper procedure was not followed and this creates a prejudice against the Petitioner, a single error may constitute Counsels ineffective assistance. **(See *MURRAY V. CARRIER*, *477, U.S. 478 106, S. ct. 2639, 916 Ed. 2d 391 (1986)*.**

The Petitioner is currently being detained by the Department of Homeland Security (DHS) and Immigration Customs Enforcement Office (ICE) pending removal and deportation proceedings the basis of which relies on the conviction of this case, which is a direct consequence of the conviction.

## CONCLUSION

Based on the errors declared herein, petitioner avers he was denied his Constitutional Rights to effective counsel. Considering the effects of counsel's assertion, petition moves this honorable court to vacate his conviction and in the alternative, evidentiary hearings where his factual allegation can be explore more in depth.

**Respectfully submitted,**

Marlon Riley

5

## CERTIFICATE OF SERVICE

I, Marlon Riley certify that the forgoing "**MOTION FOR POST-CONVICTION RELIEF TO VACATE OR GRANT AN EVIDENTIARY HEARING UNDER CORAM NOBIS**" is true and correct to the best of my knowledge and ability.

I, hereby certify that a true and correct copy of the foregoing Motion was placed in the hands of officials at Baker County Detention center, as proof of service, to be mailed to the **OFFICE OF THE CLERK OF COURTS FOR THE SOUTHREN DISTRICT OF NEW YORK.**

Respectfully Submitted,

*[signature]*
**Marlon Riley**
BCSO13 JBN 00417

**NOTARY PUBLIC OF FLORIDA**
*[signature]*

3/11/14

TODD KNABB
Commission # EE 211170
Expires June 26, 2016
Bonded Thru Troy Fain Insurance 800-385-7019

## OFFICE OF THE CLERK

**To Whom It May Concern:**

      Enclose is 4 copies of a **Writ of Coram Nobis Motion, PLEASE** file this Motion and forward to all the relevant parties.

Please forward all response to said Motion and all future correspondence regarding said Motion to the address below :

    Marlon Riley

  **c/o** Marjorie Parris

     736 East 234 street

     Bronx, New York 10466


                                          Sincerely,

                                          Marlon Everton Riley

                                          **March 11, 2014**