UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

MARLON RILEY,
                    Defendant.

90-CR-45 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

      Defendant Marlon Riley, proceeding *pro se*, has filed a petition for a writ of error *coram nobis* (the "Petition") challenging his conviction at trial on eight drug-related charges. Mr. Riley advances two arguments. First, Mr. Riley argues that the Supreme Court's decision in *McCoy v. Louisiana*, 138 U.S. 1500 (2018), created a retroactive rule for purposes of collateral review, affording Mr. Riley a renewed opportunity to challenge the extent to which his trial counsel respected his plenary autonomy on the choice of admitting guilt at trial. (*See* ECF No. 158, at 3.) Second, Mr. Riley argues that his trial counsel's performance fell short of professional standards sufficiently to constitute ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984).

      Mr. Riley was convicted in October 1990 of three one-off narcotics transaction offenses as well as more serious charges of narcotics conspiracy and continuing criminal enterprise. Both of Mr. Riley's collateral attacks focus on the portion of his trial attorney's opening statement in which his lawyer told the jury: "Mr. Riley does not dispute that he sold drugs on 5 different occasions. There is no dispute about it. He admits it. He is guilty of it. . . . Mr. Riley is a drug dealer." (ECF No. 158, at 3.) Under *McCoy*, the Defendant argues that these statements denied him the right to decide whether to admit guilt at trial. And under *Strickland*, he argues that this tactic amounted to ineffective assistance of counsel.

Mr. Riley's *McCoy* argument fails. Even assuming that Mr. Riley's failure to raise these claims previously does not preclude relief, and assuming that *McCoy* creates a new rule which applies retroactively on collateral review (a question this Court need not reach), the Defendant has not established that the *McCoy* rule applies to this case. *See United States v. Mandanici*, 205 F.3d 519, 527 (2d Cir. 2000) (explaining that the "settled rule" test applies to new constitutional rules retroactivity on collateral review (citing *Teague v. Lane*, 489 U.S. 288 (1989)). In *McCoy*, the Court made clear that it was addressing only "whether it is unconstitutional to allow defense counsel to concede guilt over the defendant's intransigent and unambiguous objection." *McCoy*, 138 S. Ct. at 1507. But in the Petition, Mr. Riley does not state that his attorney conceded his guilt over his "intransigent and unambiguous objection." He does not claim to have objected at all. There is also no evidence suggesting that Mr. Riley objected at the time of the trial. Instead, there is only probative evidence of the reverse because, in open court, Mr. Riley averred his comfort with his lawyer's strategic decisions. (*See* ECF No. 161-2 (Trial Transcript Excerpts)).

Mr. Riley's ineffective assistance of counsel argument also fails. The Defendant has not shown that his trial counsel's strategy was objectively unreasonable under *Strickland*. *See* 466 U.S. at 688. To prevail on a *Strickland* claim, a defendant "must show that counsel's representation fell below an objective standard of reasonableness" judged based on "prevailing professional norms." *Id.* at 687. Judged by prevailing professional norms, trial counsel's performance was not objectively unreasonable. Instead, it is routine for defense counsel to strategically make partial concessions of the Government's case at trial in order to train fire on the weakest parts of the prosecution. *See McCoy*, 138 S. Ct. at 1510 (distinguishing rule announced there from "strategic disputes about whether to concede an element of a charged offense"); *see also United States v. Rosemond*, 958 F.3d 111, 121 (2d Cir. 2020) ("One strategic

choice a lawyer may make is to concede an element of the charged crime. Such a decision is sound trial strategy when the attorney does not concede his client's guilt."). Indeed, *Strickland* recognizes that trial counsel must have "wide latitude . . . in making tactical decisions" like the one at issue here. *Strickland*, 466 U.S. at 689. Not only have other attorneys representing defendants charged with the same set of crimes as Mr. Riley frequently opted for the same strategy, but, further, courts themselves have often recognized these choices as reasonable strategically. *See United States v. Simone*, 931 F.2d 1186, 1195, 1197 (7th Cir. 1991) (reasonable to concede narcotics distribution counts while contesting narcotics conspiracy and continuing criminal enterprise counts).

Moreover, trial counsel's decision to concede the three least serious charges in the indictment while contesting the most serious charges was clearly within the range of reasonable professional decision-making. *Cf. Yarborough v. Gentry*, 540 U.S. 1, 9 (2003) (per curiam) (such concessions can "buil[d] credibility with the jury and persuade[] it to focus on" issues that that counsel deems it strategic to emphasize).

Accordingly, the Defendant's Petition for a writ of error *coram nobis* is denied.

The Clerk of the Court is respectfully directed to close the Docket Entry at ECF Number 158.

The Clerk of the Court is further respectfully directed to mail a copy of this Order to the *pro se* party.

SO ORDERED.

Dated: May 18, 2023
New York, New York

_____
J. PAUL OETKEN
United States District Judge

3